UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

       Plaintiff,
v.

CYCLONE LAUNDRY, LLC,
and REPRI CORPORATION,

       Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, hereby sues Defendants, Cyclone Laundry, LLC, and Repri Corporation, for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, Cyclone Laundry, LLC, and Repri Corporation, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

Gonzalez v. Cyclone Laundry
Complaint for Injunctive Relive

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Cyclone Laundry, LLC, Florida limited liability company, which upon information and belief is the owner and operator of the "Cyclone Coin Laundry", located at 11977 NW 17 Ave, North Miami, FL 33167, the subject property to this action and referred hereto as "Operator," or "Lessee".

6. Defendant, Repri Corporation, is a Florida for-profit corporation, which upon information and belief is the owner and operator of the commercial real property identified as Folio: 06-2126-016-7170, with the post address of 11975 NW 17th Ave, North Miami, FL 33167, which is built out as the Cyclone Coin Laundry, and referred hereto as "Owner," or "Lessor."

## FACTS

7. Defendant, Cyclone Laundry, LLC, is the owner and operator of the "Cyclone Coin Laundry", located at 11977 NW 17 Ave, North Miami, FL 33167, and open to the public. As such, a place of public accommodation pursuant to 42 U.S.C. Section 12181(7)(F) as a "laundromat" and 28 CFR 36.201(a) and 36.104(6), and the subject to this action is also referred hereto as "Cyclone Coin Laundry" or "Subject Property".

8. At all times material hereto, Defendant, Repri Corporation, has leased its commercial property to Defendant, Cyclone Laundry, LLC, who in turn has operated (and continues to operate) its laundromat within that leased space.

9. As the owner and operator of the laundromat, which is open to the public, Cyclone Laundry, LLC is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a laundromat; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

10. On September 27, 2024, Plaintiff personally visited the "Cyclone Coin Laundry" to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, Cyclone Laundry, LLC, and by the owner of the commercial property Defendant, Repri Corporation, which houses the "Cyclone Coin Laundry".

12. As the owner and operator of a laundromat, Defendant, Cyclone Laundry, LLC, is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of commercial property which built out and utilized as laundromat, an establishment that provides goods/services to the general public, Defendant, Repri

Corporation, is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property, which is built as public accommodation, Defendant, Repri Corporation, is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Cyclone Coin Laundry, located at the commercial property owned by Repri Corporation, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that subject property which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30

years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Cyclone Coin Laundry with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, Cyclone Laundry, LLC, and Defendant, Repri Corporation, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodation and services offered at Cyclone Coin Laundry.

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, Repri Corporation, commercial property, which houses Defendant, "Cyclone Coin Laundry", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Cyclone Laundry, LLC, (operator) and Defendant, Repri Corporation, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measured from the centerline of the white lines.

iv. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

v. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space has a curb ramp encroaching over the access aisles. Violation: Built-up curb ramp encroaches over access aisle violating Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Route**

vi. The plaintiff had difficulty to transit through store aisles without assistance, as inside the store the self-serve aisles do not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices violating of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restroom**

vii. There are permanently designated interior spaces without proper signage, as the signage is mounted on the door, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not enter the restroom area without assistance, as the required door clear width is not provided. Violation: Doorway opening does not have the required clear width violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not enter the restroom without assistance, as the door has a non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff could not use the lavatory without assistance, as faucets required tight grasping. Violation: Lavatory knob-type faucet requires pinching and tight grasping to operate. Section 4.19.5 of the ADAAG and Section 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff could not use the toilet without assistance, as it flush control is mounted towards the wall side. Violation: Water closet flush control is not mounted on the open side of the water closet. Sections 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

xv. The plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards.

xvi. The plaintiff could not transfer to the toilet without assistance, as the side grab bar and rear wall grab bar is missing Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

27. Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA as to Defendant, Cyclone Laundry, (lessee) and Defendant, Repri Corporation, (owner/lessor) (jointly and severally). Pursuant to 42 U.S.C. §12101 *et seq*., and 28 C.F.R. §36.304, the Defendants are required to make the commercial space, located at 1689 SW 27 Avenue, Miami FL 33145, accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the "Cyclone Coin Laundry", therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

Gonzalez v. Cyclone Laundry
Complaint for Injunctive Relive

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Repri Corporation, (owner of the commercial property) and Defendant, Cyclone Laundry, LLC, (lessee of the commercial property and operator of "Cyclone Coin Laundry" located therein), and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on October 29, 2024.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*